**Louis Vuitton MALLETIER,**
Plaintiff–Appellant,

v.

**BURLINGTON COAT FACTORY
WAREHOUSE, CORP.,**
Defendant–Appellee,

**Four Seasons Handbag Company, and
John Does 1–10, Defendants.**

No. 06–2540–cv.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2007.

Theodore C. Max, Mintz, Levin, Cohn, Ferris, Glovsky, and Popco, P.C. (Charles A. LeGrand, on the brief), New York, NY, for appellant.

Robert S. Weisbein, Darby & Darby, P.C. (Atul R. Singh, on the brief), New York, NY, for appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMA, District Judge.*

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Louis Vuitton Malletier appeals from a May 23, 2006 judgment of the United States District Court for the Southern District of New York denying appellant's motion for preliminary injunction against defendant-appellee Burlington Coat Factory Warehouse Corporation. We assume the parties' familiarity with the facts and the procedural history of the case.

Upon a review of the record and of the District Court's opinion, we are uncertain whether the District Court conducted a fully exhaustive analysis of the likelihood of consumer confusion when it applied the criteria set forth in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.1961). Nevertheless, because we find it was not error to deny the preliminary injunction on the record before the Court, we do not vacate the denial of that injunction but remand the cause to the District Court so that a trial on the merits can proceed. In applying the *Polaroid* factors during resolution of the parties' claims at a trial on the merits, the District Court should consider not only the potential for consumer confusion as to the *source* of the marks in question, but should also consider the potential for confusion as to the "sponsorship, affiliation, connection, or identification" of those marks. *Star Indus. v. Bacardi & Co.*, 412 F.3d 373, 383 (2d Cir.2005). The District Court should give particular attention to the *Polaroid* factors in light of the potential for types of confusion other than source confusion, focusing perhaps especially on (1) the prox-imity of the products and their competitiveness with one another, (2) evidence that the imitative mark was adopted in bad faith, and (3) sophistication of consumers. *See, e.g., Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 874–75 (2d Cir.1986); *Sports Auth. v. Prime Hospitality Corp.*, 89 F.3d 955, 964 (2d Cir. 1996). In considering both source and non-source confusion, the district court should ensure it gives adequate weight to the strength of the Louis Vuitton trademark when weighing the various *Polaroid* factors. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 116 (2d Cir.2006). Finally, we note that the potential for non-source confusion and its applicability to the *Polaroid* factors may be relevant to Louis Vuitton's claims under New York's anti-dilution statute, New York General Business Law § 360–l (McKinney Cum.Supp.2007). *See Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 506–08 (2d Cir.1996).

In sum, we hereby **AFFIRM** the decision of the district court and **REMAND** the cause to that court for further proceedings consistent with this order.